NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-814

STATE OF LOUISIANA

VERSUS

ANTHONY R. TRAHAN

*****************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 2008T1248
HONORABLE EDWARD B. BROUSSARD, JUDGE

*****************

JIMMIE C. PETERS
JUDGE

*****************

Court composed of Jimmie C. Peters, Marc T. Amy, and Billy H. Ezell, Judges.

APPEAL DISMISSED. THE DEFENDANT IS
PERMITTED TO FILE AN APPLICATION FOR
SUPERVISORY REVIEW WITH THIS COURT
WITHIN THIRTY DAYS OF THE DATE OF THIS
DECISION.

Hon. Michael Harson
District Attorney – 15th JDC
P.O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
COUNSEL FOR APPELLEE:
    State of Louisiana

Anthony R. Trahan, Pro Se
14925 Hwy. 27 North
DeQuincy, LA 70633

**Peters, Judge.**

The defendant, Anthony R. Trahan, pled guilty to first offense DWI, in violation of La.R.S. 14:98, on August 19, 2008. Thereafter, the trial court ordered the defendant to serve ten days in the parish jail with all but forty-eight hours suspended. The trial court further placed the defendant on six months supervised probation, fined him $750.00, and ordered him to pay court costs, crime lab expenses, and a supervision fee.

In May 2009, the State of Louisiana (state) filed a rule to show cause why the defendant should not pay the fines imposed by the trial court or be ruled in contempt for his refusal to comply with the trial court's order. The following month, the defendant filed two motions for discovery with the trial court seeking evidence exculpatory to his case, information on other suspects, physical evidence, police reports, scientific reports, other crimes evidence, and any inculpatory statements made by him.

On August 12, 2009, the trial court heard the rule to show cause filed by the state. Because the defendant failed to appear and the sheriff's office had been unable to locate him, the trial court issued a fugitive warrant for him, ruled him in contempt of court, and assessed him a $25.00 fine for the contempt.

On March 16, 2010, the defendant filed a third motion for discovery with the trial court. The trial court denied the motion on the basis that the defendant had already entered a guilty plea in the instant case.

In July 2010, the defendant filed an application for post-conviction relief with the trial court. In his application, the defendant argued that he had not given valid consent for the blood draw and that his attorney had been ineffective because he had failed to preserve the defendant's rights. On July 6, 2010, the trial court denied the

defendant's application for post-conviction relief on the basis that the defendant "inexcusably failed to raise in the proceedings leadings [sic] to the conviction."

On October 6, 2010, the defendant's probation officer sought revocation of the defendant's probation on the grounds that the defendant failed to meet any of the requirements of probation. The defendant appeared for the probation revocation hearing on November 9, 2010 at which his probation was revoked. The trial court ordered him to serve six months in jail for the failure to pay his fines.

In January 2011, the defendant gave notice of his intent to seek supervisory review of the trial court's July 6, 2010, decision. With his notice, the defendant included a designation of record on appeal. The defendant resubmitted the same or similar documents in April 2011. Thereafter, the trial court granted an appeal in the defendant's case: "IT IS HEREBY ORDERED that Relator's Motion for Return Date is hereby granted, all information is to be returned to the Court of Appeals, Third Circuit, together with briefs within seventy-five (75) days of the granting of the motion for appeal."

Subsequently, an appeal record was lodged with this court. On July 12, 2011, this court issued a rule to show cause why the defendant's case should not be dismissed as it sought review of a judgment that was not appealable. The defendant responded by filing a "Motion to Convert Appeal to Application for Supervisory Writs." In his pleading, the defendant concedes that the judgment is not appealable and requests this court "to construe the appeal as a notice to seek supervisory writs."

Under La.Code Crim.P. arts. 912-912.1, the defendant does not have the right to appeal the denial of an application for post-conviction relief. Therefore, the defendant's appeal is hereby dismissed. However, pursuant to La.Code Crim.P. art. 912.1(C), the defendant "has the right of judicial review by application to the court of appeal for a writ of review." The defendant is hereby permitted to file an application

for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision.  The defendant is not required to file an additional notice of intent to seek supervisory review nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3.

**APPEAL DISMISSED.  THE DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY REVIEW WITH THIS COURT WITHIN THIRTY DAYS OF THE DATE OF THIS DECISION.**